IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:08 CR 520 |
| | ) | 4:20 CV 631 |
| | ) | |
| Respondent, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| NATASA WEEKLEY [RICHARDSON], | ) | AND ORDER |
| | ) | |
| Petitioner. | ) | |

This case is before the Court on Natasa Richardson (formerly Natasa Weekley)'s Motion to Vacate and Set Aside Judgment under 28 U.S.C. § 2255. (ECF# 105). The Government filed a Response in opposition to the motion, and the Petitioner filed an Answer to the Government's Response. (ECF #107, 108).

Ms. Richardson pled guilty in July of 2009 to car jacking. She was sentenced to 41 months in custody. In February of 2020, more than five years after her release from prison, Ms. Richardson was detained by Immigration and Customs Enforcement ("ICE") pending a determination as to whether she should be removed from the country pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). This section purportedly makes Ms. Richardson removable because she has previously been convicted of an aggravated felony as defined in Section 101(a)(43)(F)&(G) of the INA. She seeks to invalidate her conviction.

Relief under 28 U.S.C. §2255 is available to prisoners "in custody under sentence of a court established by Act of Congress claiming the right to be released" upon certain specified grounds. Ms. Richardson is no longer in custody under sentence of this court. She has completed the sentence assigned by this Court in this case. Her pre-disposition detention by ICE does not qualify as "custody under sentence of a court," and is not a part of this Court's sentence in this case. She, therefore, does not qualify for the relief requested.

In order to challenge a conviction after "the petitioner has served [her] sentence completely and thus is no longer 'in custody' as required for §2255 relief," a petitioner, under some circumstances may seek a writ of *coram nobis*. *Blanton v. United States*, 94 F.3d 227, 331 (6th Cir. 1996); *see also, United States v. Manjang*, 634 Fed. Appx. 528 (6th Cir. 2015). However, even if Ms. Richardson had sought to challenge her conviction by way of a request for writ *coram nobis*, which she did not, she would not be eligible for relief. *Coram nobis* permits a court to correct an error that affects the validity and regularity of the judgment in circumstances compelling such correction in order to achieve justice. *United States v. Morgan*, 346 U.S. 502, 507-511, 74 S. Ct. 247 (1954). This mode of relief is an extraordinary remedy and should be used only to review errors of fact, of the most fundamental character, which, had they been known, would probably have altered the outcome of the challenged proceeding. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001); *Blanton v. United States*, 94 F.3d 227 (6th Cir. 1996).

Although Ms. Richardson claims that she has suffered an unexpected consequence of her guilty plea, which she, herself, could not have anticipated at the time she entered into that plea, she has not claimed that her conviction was based on a fundamental error of fact that was unknown to her lawyer or to the court at the time of the proceedings. Ms. Richardson claims that she was

2

never advised by counsel that her guilty plea could affect her immigration status, even though her immigration status was disclosed to all parties in her Presentence Report. She claims that her counsel was ineffective for failing to inform her of this potential consequence, but does not claim that anyone erred in reporting or failing to report her status as an immigrant. Further, at the time of her sentencing, defense counsel were not required under the Sixth Amendment to inform their clients about the potential immigration effects of entering into a guilty plea.

Ms. Richardson argues that the Supreme Court has recognized that failure to inform a client of the immigration consequences of a guilty plea constitutes ineffective assistance of counsel and precludes the defendant from making an informed decision. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1483 (2010). However, *Padilla* was decided after Ms. Richardson was sentenced and the Sixth Circuit has held that it is not to be applied retroactively. *Chaidez v. United States*, 568 U.S. 342, 133 S. Ct. 1103 (2013); *United States v. Manjang*, 634 Fed. Appx. 528 (6th Cir. 2015). Thus, at the time of Ms. Richardson's sentencing, there was no error of fact, as her immigration status had been disclosed to the parties, and there was no fundamental error by her lawyer because he had no duty, at the time, to inform her of her the immigration consequences of her plea.

Although it may seem unfair that Ms. Richardson missed out on the protection afforded by the *Padilla* decision by mere months, this Court does not have the authority to retroactively apply that decision. The bar on retroactivity reflects a recognition that applying "constitutional rules not in existence at the time a conviction becomes final seriously undermines the principal of finality which is essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989). The circumstances surrounding Ms. Richardson's decision to plead guilty in the above-captioned case, and the strides she has taken upon release to become a productive member

of society are factors she may be able to argue in her immigration case, but they are not sufficient grounds to overturn her conviction in this criminal case.

For the reasons set forth above, Petitioner's Motion to Vacate and Set Aside Judgment is DENIED. (ECF #105).

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

Date: *April 21, 2020*